# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CRISTOBAL MORALES, #67038,<br><br>    *Petitioner*,<br><br>vs.<br><br>E.K. MCDANIEL, *et al.*,<br><br>    *Respondents*. | 2:04-cv-01480-RLH-LRL<br><br>ORDER |

This closed habeas matter under 28 U.S.C. § 2254 comes before the Court for consideration of possible entry of a sanctions order following upon the Court's prior show cause order (#72) and petitioner's response (#73) thereto. **Respondents' counsel is alerted that action is required of counsel in this closed case in response to this order.**

The Court issued the show cause order after petitioner once again failed to show service of a court filing upon respondents. See #71, at electronic docketing page 11. The Court repeatedly had instructed petitioner that he could not file papers in this matter without a certificate of service showing service upon respondents' counsel, as required by Local Rule LR 5-1. See #7, at 2, #28, #43, and #50, at 1-2 & 6. The Court further expressly had placed petitioner on notice that any further violations of the Court's local rules and multiple orders in this regard potentially would subject him to possible imposition of disciplinary penalties for major violation MJ48 of the NDOC Administrative Regulations. #50, at 2.

1   Petitioner asserts in his show cause response that he did not send a copy of the
2  motion (#71) to respondents' counsel "because the case was closed (dismissed with
3  prejudice) [and] I did thought [sic] that was not necessary." #73, at 3.
4   Petitioner made the very same excuse previously in this case, when he sought to
5  reopen the matter after entry of a prior judgment dismissing the case with prejudice. The
6  Court clearly, expressly, and flatly rejected the excuse at that time:

> The Court repeatedly has ordered petitioner to present "all" requests for relief from the Court in the form of a motion rather than a letter to the Clerk of Court. The Court further repeatedly has ordered petitioner to serve respondents' counsel with a copy of "every" pleading, motion or other document submitted for consideration by the Court and, pursuant to Local Rule LR 5-1, to attach a certificate of such service. The Court made no exception for papers submitted after the case was closed. The Court further in particular made no exception for a paper seeking to have the case reopened, which most certainly must be filed as a motion and served on respondents' counsel. "All" means all, and "every" means every.
>
> The Court once again places petitioner on notice that if he violates the Court's multiple prior orders in this regard one more time, any remaining proceedings that are open at that time will be dismissed without any further advance notice. A violation of this Court's orders further potentially may serve as a basis for notice of a major violation under prison disciplinary regulation MJ48.[1] The Court often includes a statement that the present order, in and of itself, shall not constitute a basis for such a notice of violation. In this instance, however, given petitioner's repeated flagrant violations of this Court's multiple orders, the Court does not foreclose use of the present order and the prior orders summarized in #43 as a possible predicate for notice of a disciplinary violation. The Court could not have been more clear or more emphatic in its multiple prior orders.

19  #50, at 2.
20   Petitioner further asserts that he was not able to send copies of all documents attached
21  to the motion because he has exhausted his copy credit limit at the prison. Even if that,
22  *arguendo*, were accepted as true, a copy credit limit did not prevent petitioner from making
23  a service copy of the motion with carbon paper. Petitioner clearly is aware that he can use
24  carbon paper to make a service copy of a paper. See,e.g., #10, at 2.

---

[1] Under MJ48 of the NDOC Administrative Regulations, a major violation may be committed by the following: "Any violation of the Rules of Court, contempt of court, submission of forged or otherwise false documents, submissions of false statements, violations of Rules of Civil Procedure and/or receiving sanctions and/or warnings for any such actions from any court. Although not necessary for disciplinary purposes, any Order from any court detailing such action shall be sufficient evidence for disciplinary purposes."

1   In short, petitioner continues to violate the Court's multiple prior orders without good
2 cause, and he now seeks to recycle an excuse for violating the prior orders that the Court
3 previously emphatically rejected.

4   Multiple prior sanctions warnings have not secured compliance with the Court's orders,
5 and it appears at this juncture that entry of a sanctions order is the only remaining effective
6 alternative.  Given petitioner's current status, the only meaningful sanction would appear to
7 be a referral to the appropriate institutional authorities for consideration of possible entry of
8 disciplinary sanctions.

9   To the extent that petitioner continues to urge actual innocence and to seek to
10 challenge the dismissal of his claims, this is well-treaded ground.  After reopening in part an
11 earlier judgment out of an abundance of caution and extensively reviewing the matter, the
12 Court concluded:

> At bottom, petitioner's allegations of conspiracy and fabrication are, at best, wholly unsupported by competent reliable record evidence and, at worst, delusional. The allegations and materials tendered clearly do not tend to establish that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt if the materials had been presented to the jury with the remaining evidence at trial.

17 #69, at 14.

18   IT THEREFORE IS ORDERED that the Court refers the matter to the appropriate
19 authorities with the Nevada Department of Corrections for consideration of possible imposition
20 of disciplinary penalties for major violation MJ48.

21   IT FURTHER IS ORDERED that, within fifteen (15) days of entry of this order,
22 **respondents' counsel** shall file a notice in the record that counsel has forwarded a copy of
23 this order to the appropriate authorities with the Nevada Department of Corrections.

24   DATED:  August 16, 2010.

_____
ROGER L. HUNT
Chief United States District Judge

-3-